UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| KAREN L. CANDA, | CASE NO. 1:22-cv-02109 |
| Plaintiff, | ORDER |
|  | [Resolving Doc. 1, 16, 18] |
| v. |  |
| COMMISSIONER OF SOCIAL SECURITY, |  |
| Defendant. |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Karen L. Canda seeks review of the Social Security Commissioner's decision to deny her application for disability benefits. In deciding this case that earlier involved a remand, the Court considers whether the ALJ sufficiently followed the remand order. The Court also considers whether substantial evidence supported the ALJ's decision.

Canda makes two arguments against the Commissioner's decision that focus on the similarities between ALJ Hajjar's decision and a prior decision by ALJ Joseph Vallowe. First, Canda argues that Administrative Law Judge (ALJ) Joseph Hajjar's decision is not supported by substantial evidence.[1] Second, Canda argues that ALJ Hajjar failed to comply with the Appeals Council remand order.[2]

On October 10, 2023, the Magistrate Judge issued her report and recommendation (R&R) in this case.[3] The Magistrate Judge rejected Canda's arguments.[4] The Magistrate Judge found that ALJ Hajjar sufficiently complied with the Appeals Council's remand order, and

---

[1] Doc. 11, PageID #: 1975.
[2] *Id.*, PageID #: 1964.
[3] Doc. 16.
[4] *Id.*, PageID #: 2017.

Case No. 1:22-cv-02109
GWIN, J.

that substantial evidence supported ALJ Hajjar's decision.[5] As such, the Magistrate Judge recommended that the Court affirm the Commissioner's decision.[6]

Canda objected that the Magistrate Judge was wrong to affirm the Commissioner's decision and maintained both her asserted errors.[7] The Commissioner opposed Canda's objections.[8]

For the following reasons, the Court find that substantial evidence supports the Commissioner's decision, but that the Court does not have jurisdiction to determine the ALJ's compliance with the Appeals Council's remand order. The Court **ADOPTS IN PART** and **REJECTS IN PART** the R&R. Therefore, the Court **AFFIRMS** the Commissioner's decision.

## I. BACKGROUND

On June 30, 2017, Plaintiff Canda applied for Disability Insurance Benefits.[9] Canda claimed she was disabled due to spinal stenosis, epilepsy, post-traumatic stress disorder (PTSD), anxiety, depression, and osteoarthritis.[10] Canda's application was denied, initially and then upon her request for reconsideration.[11]

Canda then requested a hearing, which took place before ALJ Vallowe on November 14, 2018.[12] On February 7, 2019, ALJ Vallowe issued a decision denying Canda's application and finding that Canda was not disabled.[13] The Appeals Council declined to review ALJ Vallowe's decision.[14]

---

[5] *Id.*, PageID #: 2027, 2032.
[6] *Id.*, PageID #: 2037.
[7] Doc. 18, PageID #: 2040.
[8] Doc. 19.
[9] Doc. 7, PageID #: 197.
[10] *Id.*, PageID #: 210.
[11] *Id.*, PageID #: 150, 154.
[12] *Id.*, PageID #: 30-91.
[13] *Id.*, PageID #: 1662-82.
[14] *Id.*, PageID #: 1683.

- 2 -

Case No. 1:22-cv-02109
GWIN, J.

On April 13, 2020, Canda filed a complaint in district court challenging the Commissioner's disability denial.[15] Two weeks later, the parties filed a joint proposed stipulation to remand Canda's case back to an ALJ "for further consideration of Plaintiff's claim," and the court issued a corresponding remand order.[16]

Upon remand, the Appeals Council vacated the earlier decision by ALJ Vallowe and remanded to a different ALJ to address how the earlier ALJ had evaluated the State agency psychological consultants' evidence, considering that the earlier ALJ found a less restrictive RFC than suggested by the consultants.[17] The Appeals Council further directed the ALJ to "further consider" Canda's maximum RFC and provide reasoning with specific evidentiary references.[18]

On August 11, 2022, ALJ Hajjar conducted a telephone hearing.[19] On August 22, 2022, the ALJ issued an unfavorable decision.[20] The decision became final on October 22, 2022.[21]

Plaintiff Canda then filed the present suit challenging the Commissioner's denial.[22] Canda's present allegations of error stem from her argument that ALJ Hajjar's decision is "essentially verbatim" of the earlier ALJ Vallowe's decision, and thus must be legally deficient.[23] In effect, Plaintiff Canda argues that the remand did not permit second ALJ Hajjar to adopt much of first ALJ Vallowe's findings.

---

[15] *Id.*, PageID #: 1689; *see Canda v. Commissioner*, Case No. 1:20-cv-00792 (N.D. Ohio).
[16] Doc. 7, PageID #: 1703.
[17] *Id.*, PageID #: 1706-1707 (citations omitted).
[18] *Id.*, PageID #: 1707.
[19] *Id.*, PageID #: 1589.
[20] *Id.*, PageID #: 1593-1615.
[21] *Id.*, PageID #: 1594.
[22] Doc. 1.
[23] Doc. 11, PageID #: 1970.

Case No. 1:22-cv-02109
GWIN, J.

In her R&R, the Magistrate Judge found that despite similarities with ALJ Vallowe's decision, ALJ Hajjar's decision should be affirmed.[24] The Magistrate Judge found that the ALJ's decision appropriately considered mental health evidence and was supported by substantial evidence, even if there may have been substantial evidence to support an alternative conclusion.[25]

And, the Magistrate Judge found that the second ALJ decision substantially complied with the Appeals Council's directions to "give further consideration" to Canda's RFC by discussing the State agency consultant's opinion of Canda's limitation.[26] For these reasons, the Magistrate Judge recommended affirming the Commissioner's decision.

Plaintiff Canda objected to both of the Magistrate Judge's findings.[27] The government responded.[28]

## II.    LEGAL STANDARD

When a party objects to a magistrate judge's recommendations, courts review the objected-to portions of those recommendations de novo.[29]

A decision to deny Social Security benefits is reviewed to decide if the denial was "supported by substantial evidence and [] made pursuant to proper legal standards."[30] Whether the ALJ applied proper legal standards is a question that courts consider de novo.[31] But substantial evidence review is more deferential.[32] Substantial evidence exists if there is

---

[24] Doc. 16, PageID #: 2017.
[25] *Id.*, PageID #: 2035.
[26] *Id.*, PageID #: 2031-32.
[27] Doc. 18.
[28] Doc. 19.
[29] 28 U.S.C. § 636(b)(1).
[30] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citation omitted).
[31] *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018).
[32] *Id.* at 745.

- 4 -

Case No. 1:22-cv-02109
GWIN, J.

"more than a scintilla of evidence but less than a preponderance" such that "a reasonable mind might accept [the evidence] as adequate to support a conclusion."[33]

However, absent a colorable constitutional claim, a district court's jurisdiction is largely limited to review of a "final decision of the Secretary after a hearing."[34]

### III. DISCUSSION

Canda objects both to the Magistrate Judge's finding that the ALJ's decision was supported by substantial evidence and the Magistrate Judge's finding that the ALJ substantially complied with the Appeals Council's remand order.

The Court agrees with the Magistrate Judge's finding that substantial evidence supported the administrative decision. The Court finds, however, that it lacks jurisdiction to determine whether the ALJ substantially complied with the Appeals Council's remand order.

### A. Substantial Evidence

Plaintiff Canda objects to the Magistrate Judge's conclusion that ALJ Hajjar's decision is not supported by substantial evidence. Canda reasons that ALJ Hajjar's decision is "literally the same" as the earlier ALJ Vallowe's deficient decision.[35] Specifically, Canda says that like ALJ Vallowe's decision, ALJ Hajjar's decision failed to address her Mental Status Examination findings from visits to her therapist between February 20, 2014, and May 6, 2015, that suggested a more limited RFC.[36]

---

[33] *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).
[34] *Parker v. Califano*, 644 F.3d 1199, 1201 (6th Cir. 1981) (quoting *Califano v. Sanders*, 430 U.S. 99, 985 (1977) (citing 42 U.S.C. § 405(g)).
[35] Doc. 18, PageID #: 2041. While
[36] *Id.*, PageID #: 1978.

- 5 -

Case No. 1:22-cv-02109
GWIN, J.

The Magistrate Judge concluded that the ALJ's decision was properly supported, and that the ALJ is not required to discuss every piece of inconsistent evidence.[37] The Court agrees with the Magistrate Judge.

A plaintiff's argument "that the ALJ only cited portions of the opinion that supported the RFC finding while ignoring evidence inconsistent with the RFC is tantamount to the oft-raised but rarely successful accusation of an ALJ cherry-picking the evidence."[38] "The Sixth Circuit has found that a claimant's allegation of cherry-picking evidence by an ALJ is 'seldom successful because crediting it would require a court to re-weigh evidence."[39]

Here, the Court finds that ALJ's decision was supported by substantial evidence. ALJ Hajjar discussed objective medical evidence from 2013 through 2015 that both weighed in favor of and against granting Canda's application. ALJ Hajjar noted that Canda was depressed, anxious, exhausted, and irritable; that she was diagnosed with major depressive disorder, and generalized anxiety order; that at times, she was unable to eat well, shower daily, or exercise; and that she had racing thoughts.[40] ALJ Hajjar also noted Petitioner's ongoing medication adjustments and her atypically high weight gain.[41]

However, ALJ Hajjar also discussed how Canda's was well-groomed with good hygiene. The ALJ's decision noted how the evidence showed how Canda was able to sustain attention and concentration, that she had good memory and judgment, and a normal affect.[42] Canda was able to pursue social activities, take gym classes, and begin a graduate program.[43]

---

[37] Doc. 20, PageID #: 2035.
[38] *Byler v. Kijakazi*, No. 5:20-cv-1822, 2022 WL 908099, at *8 (N.D. Ohio Jan. 21, 2022).
[39] *Id.* (quoting *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. Apr. 3, 2014).
[40] Doc. 7, PageID #: 1680-84.
[41] *Id.*
[42] *Id.*
[43] *Id.*

- 6 -

Case No. 1:22-cv-02109
GWIN, J.

ALJs are not required to discuss every piece of available evidence for their decision to stand.[44] Plaintiff Canda argues that there is substantial evidence to support a different conclusion.[45] Even so, that is not enough to reverse the ALJ's decision.

### B. The Appeals Council's Remand Order

Next, Plaintiff Canda asks the Court to review ALJ Hajjar's decision for compliance with the Appeals Council's Remand Order.

In her decision, the Magistrate Judge noted that neither party addressed the preliminary question of whether the Court has jurisdiction to review the ALJ's compliance with the Remand Order.[46] The Magistrate Judge proceeded to analyze whether the ALJ had substantially complied and found that the ALJ had done so.[47]

Even if the ALJ had not complied with the Appeals Council, however, this Court lacks jurisdiction to review the ALJ's compliance with the Appeals Council's remand order.

Under 42 U.S.C. § 405(g), a claimant may appeal the "final decision of the Commissioner of Social Security." The phrase "'final decision' clearly denotes some kind of terminal event."[48] When, as here, the Appeals Council denies review of an ALJ decision, the Commissioner, in effect, adopts the ALJ's decision as the Commissioner's final decision. "[A] later decision not to review an ALJ's decision following a remand order, as occurred in this

---

[44] *Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r of Soc. Sec.*, 99 Fed. App'x 661, 665 (6th Cir. 2004)).
[45] Doc. 11, PageID #: 1976.
[46] Doc. 16, PageID #: 2028. The Magistrate Judge referenced *Wilson v. Comm'r of Soc. Sec.*, 783 F. App'x 489, 496-97 (6th Cir. 2019), in which the Sixth Circuit explained that an ALJ is required to comply with an Appeals Council's remand order; failure to do so is error. However, the *Wilson* court did not analyze the jurisdictional question of whether district courts have the authority to review that error, and so *Wilson* does not decide the issue presently before the Court.
[47] Doc. 16, PageID #: 2030.
[48] *Smith v. Berryhill*, 139 S.Ct. 1765, 1774 (2019).

Case No. 1:22-cv-02109
GWIN, J.

case, constitutes an implicit finding that the Appeals Council found the second decision to comply with its prior remand order."[49]

Courts thus view an ALJ's compliance with the Appeals Council as outside their jurisdictional purview.[50] And, while the Sixth Circuit has not yet addressed the issue, an "overwhelming majority of courts in this circuit . . . have determined that federal courts lack jurisdiction to consider whether an administrative law judge complied with the Appeals Council's instructions on remand."[51]

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff Canda's objections. The Court **ADOPTS IN PART** and **REJECTS IN PART** the R&R. The Court **ADOPTS** the R&R portions finding that the ALJ's decision was supported by substantial evidence. The Court **REJECTS** the R&R portion concluding that the ALJ substantially complied with the Appeals Council's Remand Order, as the Court lacks jurisdiction to review said compliance. Consequently, the Court **AFFIRMS** the Commissioner's decision.

IT IS SO ORDERED.

Dated: February 15, 2024                  *s/     James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[49] *Shope v. Comm'r of Soc. Sec.*, Civil Action No. 2:14-cv-2055, 2015 WL 3823165 at *8 (S.D. Ohio June 19, 2015) (gathering cases).
[50] *See, e.g., Sharay v. Comm'r of Soc. Sec.*, 2016 WL 8114220, *1 (E.D. Mich. Aug. 28, 2016), report and recommendation adopted, 2016 WL 5539791 (E.D. Mich. Sept. 30, 2016).
[51] *Brooke T. v. Comm'r of Soc. Sec.*, 2013 WL 8642543, at *4 (S.D. Ohio Dec. 14, 2023) (*quoting Shope*, 2015 WL 3823165 at *4.).